UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARRYL DEMETRIUS DIXON,

        Plaintiff,

vs.                         Case No. 3:11-cv-958-J-34MCR

CAPTAIN MCGREGOR,
et al.,

        Defendants.

## ORDER

### I. Status

Plaintiff Darryl Demetrius Dixon, an inmate of the Florida penal system who is proceeding in forma pauperis, initiated this action on August 19, 2011, by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. Dixon filed an Amended Complaint (Doc. 14) on February 27, 2012; a Second Amended Complaint (Doc. 31) on November 15, 2012; a Third Amended Complaint (Doc. 44) on July 26, 2013; and a Fourth Amended Complaint (Doc. 51) with exhibits (P. Ex.) and an Affidavit (Doc. 52) on August 21, 2013. In the Fourth Amended Complaint (FAC), Dixon names the following Defendants: (1) Rudolph McGregor, a captain at Florida State Prison (FSP); (2) Timothy Wilkerson, a lieutenant at FSP; (3) Timothy Herring, a correctional officer at FSP; and (4) Michael Fowler, a nurse practitioner at FSP. Dixon asserts that the Defendants violated his Eighth Amendment right to be free from

cruel and unusual punishment when Defendants Wilkerson and Herring assaulted him three times on November 19, 2008; Defendant McGregor failed to intervene; Defendants McGregor and Fowler threatened him; and the Defendants denied him medical attention for his jaw pain. As relief, Dixon seeks monetary damages and declaratory relief.

This cause is before the Court on Defendants McGregor, Herring, and Fowler's Motion for Partial Summary Judgment (Doc. 85; Motion) with exhibits (Def. Ex.).[1] The Court advised Plaintiff of the provisions of Federal Rule of Civil Procedure 56, notified him that the granting of a motion to dismiss or a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See Order (Doc. 18); Summary Judgment Notice (Doc. 86). On September 5, 2014, Plaintiff filed a document which he titled "Plaintiff's Motion for Summary Judgment" (Doc. 89), in which he includes his own affidavit. Upon review of the document, the Court determines that it is properly construed as a response to Defendants' Motion rather than as a separate Motion for Summary Judgment.[2] As such, the Motion is ripe for the Court's consideration.

---

[1] Defendant Timothy Wilkerson has not been served. See Order (Doc. 66).

[2] The Court will direct the Clerk of the Court to correct the docket to reflect that document number 89 is a response to Defendants' Motion (Doc. 85).

2

## II. Plaintiff's Allegations

In his Fourth Amended Complaint, Dixon alleges the following pertinent facts to support his Eighth Amendment use of force claim. As an inmate in the custody of the Florida Department of Corrections (FDOC), Dixon was housed at FSP at the time of the incident. FAC at 2.[3] On the evening of November 19, 2008, Dixon declared a mental health emergency because he had cut his wrist. Id. Defendant Herring escorted Dixon, who was shackled, to FSP's medical department. Id. On the way to the medical department, Defendant McGregor "verbally cursed" at Dixon. Id. at 5. In a small room inside the medical department, Defendant Fowler cleaned and bandaged Dixon's wrist and belittled Dixon for requesting medical attention. Id. at 5-6. Defendant Wilkerson cursed at Dixon for requesting medical attention after daytime working hours and hit Dixon's jaw with his fist. Id. at 6. Defendants Fowler and Wilkerson "sna[t]ched" Dixon from the floor; Fowler again warned Dixon about requesting medical attention after regular working hours; and Wilkerson again hit Dixon in the jaw with his fist, which knocked Dixon to the floor. Id. While Dixon was on the floor, Defendant Herring hit him in the jaw with his fist and stated that they would kill Dixon if he came to the medical department again

---

[3] The Court will cite to the electronic filing page numbers in the upper right-hand corner of the document.

after daytime working hours. Id. According to Dixon, none of the Defendants intervened to stop the assaults. Id. at 7.

### III. Summary Judgment Standard

The Eleventh Circuit recently set forth the summary judgment standard.

> Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law controls which facts are material and which are irrelevant. Raney v. Vinson Guard Service, Inc., 120 F.3d 1192, 1196 (11th Cir. 1997). Typically, the nonmoving party may not rest upon only the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). A pro se plaintiff's complaint, however, if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence. See Murrell v. Bennett, 615 F.2d 306, 310 n.5 (5th Cir. 1980). Nevertheless, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed.R.Civ.P. 56(c)(4). "[A]ffidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).
>
> As we've emphasized, "[w]hen the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he mere existence of some alleged factual dispute between the parties

4

> will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unsupported, conclusory allegations that a plaintiff suffered a constitutionally cognizant injury are insufficient to withstand a motion for summary judgment. <u>See</u> <u>Bennett v. Parker</u>, 898 F.2d 1530, 1532–34 (11th Cir. 1990) (discounting inmate's claim as a conclusory allegation of serious injury that was unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." <u>Scott v. Harris</u>, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

<u>Howard v. Memnon</u>, Case No. 13-12049, 2014 WL 3411093, at *1-2 (11th Cir. July 15, 2014) (per curiam) (footnote omitted). In an action involving the alleged violation of plaintiff's federal constitutional rights under 42 U.S.C. § 1983, "assuming all facts in the light most favorable to [plaintiff, as the non-moving party]," summary judgment is properly entered in favor of the defendant where "no genuine issue of material fact exist[s] as to whether [plaintiff]'s constitutional rights were violated." <u>McKinney v. Sheriff</u>, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam).

## IV. Law and Conclusions

In their Motion, Defendants McGregor, Herring, and Fowler argue that the Court should dismiss Dixon's claims for compensatory and punitive damages and limit his claims to nominal damages since he has no more than a de minimis injury. See Motion at 4-7. Additionally, Defendant Fowler argues that summary judgment is appropriate because none of Dixon's assertions show that Fowler subjected him to cruel and unusual punishment in that: (a) Dixon does not allege that Fowler physically assaulted him; (b) Fowler's threat, while inappropriate if true, does not rise to the level of a federal constitutional violation; and (c) Fowler was not in a position to intervene to stop Defendants Wilkerson and Herring from hitting Dixon. In support of these requests, Defendants submitted the following exhibits: Def. Exs. A, excerpts of Dixon's Deposition, dated May 28, 2014; B, excerpts of Dixon's dental records.

The Eleventh Circuit has set forth the standard in an excessive use of force case.

> [O]ur core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the

6

> severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates[, as reasonably perceived by the responsible officials on the basis of facts known to them]..." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations omitted).[4] However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 1000 (quotations omitted).

McKinney, 520 F. App'x at 905; Howard, 2014 WL 3411093, at *2 ("Courts examine the facts as reasonably perceived by the defendants on the basis of the facts known to them at the time.") (citation omitted).

While the United States Supreme Court has held that the extent of the injury is a factor that may provide some evidence of the amount of force applied and whether the use of force was necessary under the specified circumstances, see Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (per curiam), that does not mean, as argued by Defendants, that absent injury a claim must fail. Indeed, the Court has unequivocally stated "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Id. at 34 (quoting Hudson v. McMillian, 503 U.S. 1, 4 (1992)). Nevertheless, the Court explained:

---

[4] See Whitley v. Albers, 475 U.S. 312, 321 (1986).

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. Id. at 7, 112 S.Ct. 995.[5] "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Ibid.(quoting Whitley, 475 U.S. at 321, 106 S.Ct. 1078).[6] The extent of injury may also provide some indication of the amount of force applied. . . .
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. . . .

Wilkins, 559 U.S. at 37-38. A court ultimately should decide an excessive force claim based on the nature of the force rather than the extent of the injury. Id. at 38. Here, according to Dixon's affidavit (Doc. 89), Defendants' use of force was unnecessary and malicious. Additionally, Dixon avers that he suffered jaw pain as a result of the alleged assault.

Upon review of the parties' submissions, the Court concludes that there remain genuine issues of material fact with respect to Plaintiff's claims and that development of the record may be necessary. As such, Defendants' Motion for Partial Summary Judgment (Doc. 85) is due to be denied. The unique circumstances of this case warrant the appointment of counsel to plead Plaintiff's claims with sufficient clarity, properly develop the facts, and locate the

---

[5] Hudson v. McMillian, 503 U.S. 1 (1992).

[6] Whitley v. Albers, 475 U.S. 312 (1986).

whereabouts of Defendant Wilkerson.[7] After the appointment of counsel and the filing of an Amended Complaint by counsel, Defendants may renew their motion for summary judgment, if appropriate.

Therefore, it is now

**ORDERED:**

1. The Clerk of the Court shall correct the docket to reflect that Plaintiff's Motion for Summary Judgment (Doc. 89) is a response to Defendants' Motion for Partial Summary Judgment (Doc. 85).

2. Defendants McGregor, Herring, and Fowler's Motion for Partial Summary Judgment (Doc. 85) is **DENIED** at this time without prejudice to its renewal.

3. This case is referred to the Jacksonville Division Civil Pro Bono Appointment Program so that the designated deputy clerk of this Court may seek counsel to represent Plaintiff. Due to the limited resources of the program and the economy's impact upon those resources, the process of finding counsel may take several months, and therefore, Plaintiff must await this Court's notification to him as to when counsel has been found to represent him. In the meantime, the parties are encouraged to discuss the

---

[7] Defendant Timothy Wilkerson has not been served. See Order (Doc. 66) (setting forth the Court's attempts to serve Wilkerson). According to the Defendants, Wilkerson is no longer an FDOC employee. See Response to Order (Doc. 67).

9

possibility of settlement and notify the Court if their efforts are successful.

4. Since the search for an attorney for Plaintiff may be a lengthy process, this case is **STAYED** until counsel is appointed. Upon counsel's filing a Notice of Appearance, the stay will be lifted, and the case will be reopened.

5. The Clerk of the Court shall administratively close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of September, 2014.

MARCIA MORALES HOWARD
United States District Judge

sc 9/16
c:
Darryl D. Dixon
Counsel of Record